Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead Law Offices
2431 W. Horizon Ridge Pkwy.
Suite 110
Henderson NV 89052
VOX: (702) 451-7272
FAX: (702) 451-2947
email: jeff@whiteheadlaw.org

*Attorney for Debtor Debra Phillips*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: DEBRA PHILLIPS, | CASE NO.: 2:11-bk-29783-bam |
|---|---|
| | CHAPTER 13 |
| | |
| | HEARING DATE: April 17, 2012 |
| **Debtor** | HEARING TIME: 1:30 p.m. |

### DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

PLEASE TAKE NOTICE that the Debtor, Debra Phillips, by and through her attorney, Jeffrey J. Whitehead, Esq., hereby opposes the Motion for Relief from the Automatic Stay filed on March 21, 2012 by Seterus, Inc. (Hereinafter referred to as "Seterus") (Dkt. 18).

This Opposition is made based on the following Memorandum of Points and Authorities and the arguments of counsel at the Hearing on this Motion.

1

*MEMORANDUM OF POINTS AND AUTHORITIES*

**I.    SETERUS' MOTION FOR RELIEF FROM STAY IS UNTIMELY.**

Local Rule of Bankruptcy Practice provides that:

**LR 9014. MOTION PRACTICE AND CONTESTED MATTERS - BRIEFS AND MEMORANDA OF LAW.**

(a) <u>Hearings and court calendars</u>.

(1) All motions which are required to be set for hearing, whether by statute, rule, or court order, shall be set no earlier than twenty-eight (28) days after the motion was filed.

Here, Seterus' Motion for Relief from Automatic Stay, and the Notice of Hearing for this Motion, were NOT timely filed. The Motion was filed on March 21, 2012 (Dkt. 18). The Notice of Hearing was also filed on March 21, 2012 (Dkt. 20), but it set the Hearing for April 17, 2012, which is less than (28) days after the motion was filed.

Moreover, the Motion was served by electronic filing on the Debtor's general bankruptcy attorney, Arun Gupta, and by mail upon the Debtor, Debra Phillips. (Dkt. 21.) However, the applicable Federal Rules of Civil Procedure provide that:

Fed. R. Civ. P. 6 (d) ADDITIONAL TIME AFTER CERTAIN KINDS OF SERVICE.

When a party may or must act within a specified time after service and service is made under Rule 5(b)(2) © (D), (E) or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

Fed. R. Civ. P. 5 (b) SERVICE: HOW MADE.

2) *Service in General*. A paper is served under this rule by:

© mailing it to the person's last known address—in which event service is complete upon mailing;

(E) sending it by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served.

Thus, since the Motion for Relief from Automatic Stay was not filed or served in a timely manner, the Motion should be denied.

## II. SETERUS LACKS STANDING TO SEEK RELIEF FROM THE STAY.

11 U.S.C. § 362 (d) (1) allows the Court, at the request of a "party in interest" to grant relief from the automatic stay. "A movant for relief from stay bears the burden of proof that it has standing to bring the motion." *In re Weisband,* 427 B. R. 13, 18 (Bkrtcy. D. Ariz. 2010); *In re Wilhelm,* 407 B. R. 392, 400 (Bkrtcy. D. Idaho 2009) ("As applied in the stay relief context, movants bear the burden of proof on standing , in addition to the other elements necessary to obtain relief").

In this case, Debra Phillips' Note was sold to a securitized. mortgage Trust (See accompanying Affidavit of William McCaffrey dated April 9, 2012 par. 13.) The Bank of New York Mellon is the Trustee of this mortgage Trust. (See accompanying Affidavit of William McCaffrey dated April 9, 2012 par. 9.) Seterus is acting only as the servicing agent of this mortgage Trust. (See Seterus' Motion filed March 21, 2012, Dkt. 18, p. 2, l. 20 and 26.)

However, **"In loan securitizations, the real party in interest is the trustee of the securitization trust, not the servicing agent."** *In re Rosenberg*, 414 B. R. 826, 841 (Bkrtcy. S. D. Fla. 2009) (emphasis added); *LaSalle Bank, N. A. v. Nomura Asset Capital Corporation*, 180 F. Supp. 2d 465, 469 - 71 (S. D. N. Y. 2001) (**where, as here, there is a sale of mortgage loans to a trust, the trustee and not the servicer is the real party in interest**) (emphasis added); *LaSalle Bank, N. A. v. Lehman Brothers Holdings, Inc.*, 237 F. Supp. 2d 618, 631 - 34 (D. Md. 2002) (same holding).

Here, it is The Bank of New York Mellon (which is the Trustee of the securitized mortgage Trust, not Seterus, which is acting only as the servicing agent) that would be the real party in interest with any legal standing to bring this Motion for Relief from Automatic Stay.

If a negotiable mortgage Note has been transferred, the transferee is the real party in interest with the right to enforce the Note and related Deed of Trust. *Restatement (Third) of Property* "Mortgages" § 5.4 cmt. b (1997). "Courts have routinely recognized the trustee of a trust as the real

party in interest in litigation concerning the assets held by the trust." *In re Doctors Hospital of Hyde Park, Inc.*, 360 B. R. 787, 838 (Bkrtcy. N. D. Ill. 2007) citing *Navarro Savings Association v. Lee*, 446 U. S. 458 (1980). Contract rights are freely transferable. *Easton Business Opportunities v. Town Executive Suites*, 230 P.3d 827, 830 (Nev. 2010). Such a transfer passes title to the transferee so that the transferee is the owner of the claim and the real party in interest under Fed. R. Civ. P. 17. *Sprint Communications Company v. APCC Services, Inc.*, 554 U. S. 269, 284 - 86 (2008).

Therefore, since Seterus lacks legal standing to bring this Motion, the Motion should be denied.

### III.     SETERUS' PROOF OF CLAIM IS NOT PRIMA FACIE VALID.

Seterus filed its Proof of Claim 3 - 1 on January 30, 2012. The Debtor objects to this Proof of Claim. The Proof of Claim is not prima facie valid. And that is because the Proof of Claim lacked the necessary documentation – namely any properly endorsed Note, Deed of Trust, or any other documentation – to legally support its Proof of Claim.

"Unless a proof of claim is properly executed and filed in accordance with the rules, the proof of claim does not constitute *prima facie* evidence of the validity and amount of the claim." *In re Minbatiwlla,* 424 B. R. 104, 111 (Bkrtcy. S.D.N.Y. 2010) [*citing* Rule 3001 (f)]. "A proof of claim that lacks the documentation required by Rule 3001(c) does not qualify for the evidentiary benefit of Rule 3001(f) – it is not prima facie evidence of the validity and amount of the claim." *In re Heath*, 331 B. R. 424, 426 (9th Cir. B.A.P. 2005). As the Court held in *In re Wells,* 407 B. R. 873, 882 (Bkrtcy. N.D. Ohio 2009:

> When a claim is not prima facie valid, the debtor need only object to the claim based on the applicable rules or statutes to place the burden of proof back on the claimant. *Raleigh v. Illinois Department of Revenue*, 530 U.S. 15, 20-21. 120 S. Ct. 1951, 147 L. Ed. 13 (2000)..... **Even if the creditor responds to debtor's objection, the creditor carries the burden of going forward as well as the ultimate burden of proof to establish its claim at the hearing on the substantive objection.** (Emphasis Added.)

Therefore, since Seterus' Proof of Claim is not prima facie evidence of the alleged validity or amount of the Claim, Seterus has the burden of proving that it owns and can enforce the debt. And since Seterus has not done so, the Motion for Relief from Stay should be denied.

**IV.    THE ALLEGED ALLONGE IS INVALID SINCE THERE IS NO PROOF WHEN IT WAS SUPPOSEDLY CREATED.**

Here, Seterus filed an alleged "ALLONGE TO NOTE" attached to its Motion for Relief form Automatic Stay. (Dkt. 35, p. 10.) Significantly, however, the alleged Allonge is undated. And this is true despite the fact that it has a blank line to fill in for the date when it was allegedly signed.

Seterus must prove that all ostensible signatures were made on the alleged Allonge before the Proof of Claim was filed on January 30, 2012. *In re Shapoval,* 441 B. R. 392, 392-393 (Bkrtcy. D. Ariz. 2010). Here, the alleged Allonge in this case could have been created at anytime, even after the Proof of Claim was filed. However, "a creditor's standing to file a proof of claim for prepetition debt must exist **at the time the claim is filed.".** *In re Wells,* 407 B. R. 873, 882 (Bkrtcy. N.D. Ohio 2009) (Emphasis added). Similarly, in *Kemp v. Countrywide Home Loans, Inc.,* 440 B. R. 624, 630 (Bkrtcy. D. New Jersey 2010), the alleged Creditor was denied relief because: "In this case, we had neither a proper indorsement on the note itself, nor **an allonge that was executed at the time the proof of claim was filed.."** Id. at 631 (emphasis added).

Here, the two (2) ostensible signatures of "Vera Logvynets" on the alleged Allonge are undated and not notarized. This also makes the alleged Allonges *highly* suspect. To the contrary, the Assignment of the Deed of Trust from MERS to Federal National Mortgage Association is precisely dated (August 2, 2011) and notarized. *In re Canellas,* 2010 WL 571808, p. 5 (Bkrtcy. M.D. Fla. 2010) ("the veracity of the Allonge and Assignment is questionable .... The signature of Jennifer Henninger is undated and not notarized. The Allonge was not filed with Movant's Motion.").

Thus, since Seterus has not shown the date(s) when the two (2) ostensible signatures of "Vera Logvynets" on the alleged Allonge were made, the Court should deny its Motion to Lift the Stay.

5

## V.    CONCLUSION.

For all of the foregoing reasons, the Debtor, Debra Phillips, respectfully requests that the Court issue an Order **denying** Seterus, Inc.'s Motion for Relief from the Automatic Stay for all of the reasons set forth herein . The Debtor objects to the content and form of the Proposed Order filed by Seterus (Dkt. 18, p. 40). And the Court should note that the Debtor expressly states the mortgage debt is DISPUTED in her Schedule D (Dkt. 18, p. 34).

DATED  April 16, 2012.

                                                              Respectfully submitted,

                                                              **WHITEHEAD LAW OFFICES**

                                                              ____/s/ Jeffrey J. Whitehead_____
                                                              Jeffrey J. Whitehead, Esq.
                                                              Nevada Bar No. 3183
                                                              Whitehead Law Offices
                                                              2431 W. Horizon Ridge Pkwy.
                                                              Suite 110
                                                              Henderson NV 89052
                                                              VOX: (702) 451-7272
                                                              FAX: (702) 451-2947
                                                              email: jeff@whiteheadlaw.org

                                                              *Attorney for Debtor Debra Phillips*

# CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY** was sent April 16, 2012 to the persons, listed below, through the Court's electronic service system:

Donna M. Osborn, Esq., on behalf of Seterus, Inc., dosborn@wrightlegal.net

David B. Sanders, Esq., on behalf of Bank of New York Mellon, d.sanders@hopplawfirm.com

Arun Gupta, Esq., on behalf of Debtor Debra Phillips, attorney@theguptalawfirm.com

Kathleen A. Leavitt, Trustee, courtsecf3@las13.com

It is also hereby certified that the foregoing **DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY** was sent April 16, 2012 to the following person(s) by the following method(s):

✓ U.S. Mail, by depositing a true and correct copy of same in the United States Mail, postage prepaid at Henderson, Nevada, to the persons at the addresses listed below:

- Debra Phillips
  302 Butterworth Court
  Henderson, Nevada 89052

      ___/s/ Charles R. Powell_____
      **WHITEHEAD LAW OFFICES**